[L. A. No. 377.   Department One.—September 2, 1898.]

L. A. SHEAD, Respondent, *v.* C. L. HINMAN et al., Appellants.

AGENCY—COLLECTION OF NOTE—CONTRACT FOR PERCENTAGE.—A contract with agents for the collection of a note, which stipulated that the collection charges on the note were to be twenty-five per cent, is to be construed, not as importing twenty-five per cent of the face of the note at all events, but as importing only twenty-five per cent of the amount collected, if less than the face of the note.

ID.—COMPROMISE—NEW ORAL AGREEMENT—ATTORNEY'S FEES—APPEAL—CONFLICTING EVIDENCE.—A claim by the agents that a new oral agreement respecting the percentage was made at the time of a compromise of the note while in suit, and that certain attorneys not appearing in the suit were to be paid, cannot be sustained upon appeal, where the evidence is conflicting and there is evidence to sustain findings against the existence of such agreement, and against the rendition of any services by such attorneys, and the payment of any money thereto by the agents.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial. W. H. Clark, Judge.

The facts are stated in the opinion of the court.

M. E. C. Munday, Del Valle & Munday, H. O. Collins, and Edwin A. Meserve, for Appellants.

William J. Variel, for Respondent.

CHIPMAN, C.—This is an action to recover money from defendants as plaintiff's agents to which they make claim for commissions. Plaintiff had judgment, from which and from the order denying motion for a new trial this appeal is prosecuted and comes here on a statement of the case.

Plaintiff held a promissory note for five thousand dollars, principal, against one Parsons, then living in Detroit, Michigan. The court found that defendants as collectors undertook to collect this note upon the terms and conditions of a certain written contract, the body of which reads as follows:

"Los Angeles, Cal., June 4, 1894.
"Received from L. A. Shead, via E. Densmore, 1840 E. 2nd

street, city, for collection, subject to the terms and conditions specified on the back hereof, the following: No. 4692. L. B. Parsons, note $5,000.00.                GRAVES & PILE.

"Our collection charges upon above will be 25 per cent."

On the back of the contract were several conditions printed, one of which provided for payment of a reasonable attorney's fee and court costs if suit is brought.

Upon the face of the contract defendants contend that they were to receive all costs and expenses, including attorney's fees, and in addition twenty-five per cent of five thousand dollars, whether that amount was collected or not. Plaintiff claims that defendants were entitled only to twenty-five per cent of the amount actually collected. It appears that the note was sent by defendants to an attorney in Detroit who brought suit upon it. Pending the action the maker of the note paid $2,500 on compromise, in discharge of the indebtedness. The court allowed defendants for the Detroit attorney $450 as fees, and $50 for court costs and expenses, and $5.80 for telegrams paid out by defendants. The court disallowed the claim of $325 claimed as fees for attorneys in California; and allowed defendants $625 commissions, being twenty-five per cent on the sum collected, to wit, $2,500, making $1,130.80 cents in all, and gave plaintiff judgment for $1,369.20. Defendants claim that they should have recovered $325 for fees of attorneys in California and twenty-five per cent of $5,000, leaving due plaintiff $419.20, which they tendered plaintiff before suit.

We do not think there can be any doubt that the true meaning of the contract, to be derived from its terms alone, is that plaintiff was to pay twenty-five per cent of the amount collected. The note was given to defendants for collection; and the charges were for collection, to be measured by the amount collected at the per centum named. It would be an unreasonable construction of the contract to say that by its terms plaintiff agreed to pay $1,250 for the collection whether more or less than $5,000. There was accumulated and accumulating interest on the note. If it had been paid in full, principal and interest, defendants would have been entitled, by a reasonable construction, to the stipulated per cent upon the whole amount collected; and a like

reasonable construction would give them only the per cent upon the amount collected if less than the face of the note.

Some claim is made by defendants that the contract was changed by subsequent oral agreement, made at the time of the compromise, by which plaintiff agreed to allow them $1,250 net and attorney's fees and costs; and also that the evidence showed that they were entitled to $325 to pay the California attorneys. But the court found that there was no new agreement as to commissions, and that defendants had never paid out any money to California attorneys and that no services were rendered by any California attorneys. Upon these points the evidence is conflicting. There was evidence tending to support the findings, and under the oft repeated rule they cannot be disturbed.

The judgment and order should be affirmed.

Britt, C., and Searls, C., concurred.

For the reasons given in the foregoing opinion the judgment and order are affirmed.

Harrison, J., Garoutte. J., Van Fleet, J.